UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN DAVID THOMPSON,** ) | **CASE NO. 1:13 CV 1542** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v.   ) | |
| ) | **OPINION AND ORDER** |
| **JOSEPH C. PATITUCE, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff John David Thompson filed this action against attorneys Joseph C. Patituce and Catherine Meehan.  In the Complaint, Plaintiff alleges Defendants were negligent and committed legal malpractice by failing to defend his constitutional rights when representing him in state criminal proceedings.  (Doc. 1).  He seeks monetary relief.

## I.  BACKGROUND

On March 21, 2009, Thompson stole a pickup truck in Erie, Pennsylvania and drove the truck to Cleveland, Ohio, where he was then living.  (Doc. 1 at 3).  Following a high speed chase involving Cleveland police officers on March 26, 2009, Thompson was arrested and placed in the Cleveland City Jail.  (*Id*. at 3-4).  Thompson served six days in jail before signing a waiver of extradition to Pennsylvania.  (*Id*. at 4).  He was transferred to the Erie County Prison on April 3, 2009 to face charges in the Pennsylvania courts.  (*Id*.); *see also Commonwealth v. Thompson*, No. CR-0000094-09 (Erie Cnty. Ct. C.P. filed on June 3, 2009).

On September 10, 2009, Thompson pled no contest in the Erie County Court of

Common Pleas to four counts of Robbery and Taking Property from Another by Force, and to four counts of Theft of Movable Property by Unlawful Taking. *Id.* The Pennsylvania court sentenced Thompson to a minimum of 36 months and a maximum of 72 months incarceration on each count, to be served concurrently. *Id.* He was then imprisoned in the Mahanoy State Correctional Institution in Frackville, Pennsylvania ("SCI Mahanoy"). (Doc. 1 at 4).

Meanwhile, on April 23, 2009, the State of Ohio filed an indictment in the Cuyahoga County Court of Common Pleas, charging Thompson with Receiving Stolen Property. *See State v. Thompson*, No. CR-09-523549-A (Cuyahoga Cnty. Ct. C.P. filed on Apr. 23, 2009). On May 7, 2009, the Ohio court issued a capias warrant for Thompson's arrest. *Id.*; (Doc. 1 at 4).

Upon receiving notice of the warrant at SCI Mahanoy, Thomspon filed a *pro se* motion for dismissal of detainer in the Ohio court in July 2010. (*Id.*). When he received no response, Thompson renewed his motion on February 7, 2011. (*Id.*). Thereafter, Thompson purportedly received a notice from the Ohio court that he would not be extradited to Ohio, rather, the Ohio case would remain open.[1] (*Id.*).

On April 1, 2013, Thompson was extradited to Ohio and confined in the Cuyahoga County Jail. (*Id.*). He was arraigned on the previously filed charge of Receiving Stolen Property and entered a plea of not guilty on April 3, 2013. *See Thompson*, No. CR-09-523549-A, *supra*. The Ohio court docket reflects that the court assigned Defendant Patituce as counsel for Thompson and that Defendant Meehan later entered an appearance in the case for Patituce. *Id.*

---

[1] A December 18, 2012 docket entry indicates the Ohio court filed a notice of untried indictment, information or complaint and of the right to request disposition. *State v. Thompson*, No. CR-09-523549-A (Cuyahoga Cnty. Ct. C.P.).

On April 4, 2013, Thompson filed a *pro se* motion to dismiss the charge against him on Double Jeopardy grounds. (Doc. 1 at 5); *Thompson*, No. CR-09-523549-A, *supra*. In a docket entry dated April 9, 2010, the Ohio court directed counsel for Thompson to review the *pro se* motion and to notify the court as to whether or not he would adopt and argue the motion. *Id.* On April 10, 2010, Thompson's defense counsel notified the Ohio court of his intention not to adopt and argue Thompson's *pro se* motion, and the court struck the motion from the record. *Id.*; (Doc. 1 at 5-6).

Thereafter, while awaiting trial in the Ohio court, Thompson filed his Complaint in this Court on July 17, 2013, alleging Defendants committed legal malpractice and were negligent in failing to adopt and argue his motion to dismiss the state criminal proceedings on Double Jeopardy grounds.² He seeks $100,000 in compensatory damages. (Doc. 1 at 7).

## II. LAW AND ANALYSIS

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

---

² The Ohio court docket reflects that on August 5, 2013, Thompson entered a plea of guilty to Receiving Stolen Property, was sentenced to time served, concurrent to the sentences issued by the Pennsylvania court, and was remanded to the State Correctional Institution in Albion, Pennsylvania ("SCI Albion"), where he is presently incarcerated. *State v. Thompson*, No. CR-09-523549-A (Cuyahoga Cnty. Ct. C.P.). (*See also* Doc. 3, Address Change Notice).

fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**B. Analysis**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as plaintiff alleges that both he and Defendants are residents of Ohio.[3] *See* 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, i.e. where no plaintiff is the citizen of the same state as any defendant). Therefore, if federal jurisdiction exists in this case, it must be because the case raises a federal question.

In "determin[ing] whether [a] claim arises under federal law," the court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" that the defendant

---

[3] A person's citizenship for purposes of diversity jurisdiction is his "domicile." *See Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "Domicile" is determined by physical presence in the state and either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. *Stifel*, 477 F.2d at 1120. A prisoner does not automatically acquire a new domicile when he or she is incarcerated in a different state. *Id.* at 1121 (noting "a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion"). Rather, courts apply a rebuttable presumption that a prisoner retains the citizenship of the State in which he was domiciled prior to his incarceration. *Id.* at 1124. *See also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. Aug. 8, 2001).

Here, Plaintiff alleges Defendants are residents of Ohio. (Doc. 1 at 3). Accordingly, in order to establish complete diversity jurisdiction, Plaintiff bears the burden of establishing his domicile is a State other than Ohio. Plaintiff has not satisfied this burden. At the time of filing his Complaint, Plaintiff was incarcerated in the Cuyahoga County Jail in Cleveland, Ohio pursuant to an order of extradition from Pennsylvania. While Plaintiff is presently incarcerated in Pennsylvania, he makes no allegations that: (1) Pennsylvania was his preincarceration domicile; (2) he considers Pennsylvania to be his current domicile; or (3) he intends to remain in Pennsylvania after his incarceration. To the contrary, Plaintiff specifically alleges in his Complaint that prior to his imprisonment he lived in Cleveland, Ohio. Based on the above, this Court finds Plaintiff's domicile for diversity jurisdiction purposes is Ohio and he has, therefore, failed to establish complete diversity jurisdiction pursuant to § 1332.

may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (internal quotation marks omitted). "Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, even with that liberal construction, Plaintiff has failed to properly identify a federal question in this case. Plaintiff's Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). Plaintiff cites 28 U.S.C. § 1331, the federal question jurisdictional statute, as a basis for his cause of action on the Civil Cover Sheet attached to his Complaint. Additionally, he uses the form Complaint provided for use by prisoners filing civil rights actions. Nevertheless, the body of his Complaint fails to identify any federal questions or any federal statutes that he relies on. Instead, he merely alleges state law claims for negligence and legal malpractice stemming from Defendants' purported failure to adequately protect his Fifth and Fourteenth Amendment rights. Accordingly, Plaintiff's Complaint does not raise a federal question and his claims do not arise under federal law.

Moreover, to the extent Plaintiff seeks to hold Defendants liable for violations of his civil rights, he fails to state a cognizable federal claim for relief. To establish a prima facie case under 42 U.S.C. § 1983,[4] Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Plaintiff names his court-appointed defense attorneys as Defendants. It is firmly established, however, that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981); *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding.") (citing *Polk*, 454 U.S. at 318). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes." (citing *Polk*, 454 U.S. at 318)). Moreover, "mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983[.]" *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x

---

[4] Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

644, 646 (6th Cir. 2004) (quoting *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991)).

Here, Defendants Patituce and Meehan acted as Plaintiff's court-appointed defense counsel. There are no allegations they exercised any powers that are traditionally exclusively reserved to the state. Consequently, Plaintiff has no cause of action against these Defendants for violation of his civil rights under § 1983.

As discussed above, generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc.*, 482 U.S. at 392. Because neither of those two bases for jurisdiction are present here, Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e).

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e) without prejudice to any valid state law claims that Plaintiff may have against Defendants under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

        s/ Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        UNITED STATES DISTRICT JUDGE

DATED: October 28, 2013

---

[5] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."